UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                    Criminal No. 17-20754

v.                                                HON. MARK A. GOLDSMITH

D-2 ANGEL ANN GABRIELE

    Defendants.
_____/

## OPINION & ORDER
## GRANTING THE GOVERNMENT'S MOTION TO REVOKE ORDER OF BOND (Dkt. 25)

Before the Court is the Government's Motion to Revoke Order of Bond (ECF. 25). After applying the proffered evidence to the factors in Title 18, United States Code, Section 3142(g), this Court orders Gabriele detained pending trial.

### I. BACKGROUND

**A. Gabriele's Proffered Information**

At the hearing on February 6, 2018, Gabriele did not refute the allegations put forth in the government's motion to revoke bond; specifically, that Gabriele has failed to attend drug treatment, failed to report to pretrial services as directed, and has tested positive on at least two occasions for cocaine, all in violation of her bond. Gabriele countered that, with respect to the seriousness of the offense, she is only charged with a manufacturing offense and not a narcotics trafficking offense. She also proffered that she currently suffers from serious medical issues related to Raynaud's disease and long-term back problems.

**B. The Government's Proffered Information**

1

The government proffered the allegations contained in the Criminal Complaint, as well as the charges returned by the grand jury in the First Superseding Indictment. Additionally, the government proffered the allegations alleged in the January 19, 2018, Petition for Action on Conditions of Release from Pre-trial Services Officer Derek Brand (ECF No. 24) and the allegations outlined in Officer Brand's January 30, 2018, Bond Status Memorandum. Combined, Officer Brand's Memo and Petition allege that Gabriele failed to report as directed to pre-trial services on four occasions and has submitted multiple positive drug screens between December 22, 2017 and January 26, 2018. Additionally, Gabriele has failed to enroll in substance abuse treatment, as required. The government claimed that the following facts support detention:

**1. The Criminal Complaint**

On November 16, 2017, Gabriele was charged in a criminal complaint alleging a conspiracy to manufacture a controlled substance; specifically, methamphetamine. (ECF No. 1, Criminal Complaint). The affidavit supporting the criminal complaint detailed that Gabriele and co-Defendant Joshua Traub were involved in cooking methamphetamine inside Gabriele's residence when a fire started after some of the cooking ingredients combusted. (ECF No. 1, PgID 4-5). The criminal complaint also details that Gabriele had on numerous occasions purchased or been blocked from purchasing precursor materials necessary to the manufacture of methamphetamine. (*Id.*, PgID 10).

**2. Conduct While on Supervision**

On December 1, 2017, Gabriele appeared for a detention hearing. At that hearing, defense counsel for Gabriele and the government agreed that Gabriele was in serious need of in-patient drug treatment. The government agreed to a bond that was conditioned on Gabriele entering and completing in-patient drug treatment at the Salvation Army. (ECF Nos. 6, 7, Audio from Detention

Hearing.) Pretrial Service Officer Derek Brand confirmed a bed was available at the Romulus Salvation Army for Gabriele that afternoon. (*Id.* at 7.) Magistrate Judge Grand released Gabriele on a $10,000.00 unsecured bond with the condition that she be taken by her grandfather to the Salvation Army treatment facility. (*Id.* at 9.) Gabriele's bond also included that she report as directed to pretrial services and not use or possess any narcotic drug or controlled substance. (*Id.* pg. 3.) Gabriele was told by Magistrate Judge Grand that her refusal to comply with any aspect of drug treatment would result in a warrant for her arrest. (ECF No. 7.)

On December 22, 2017, Officer Brand petitioned to remove the requirement that Gabriele attend inpatient drug treatment at the Salvation Army after it was learned that limitations on how much weight she could lift prohibited her from participating in the treatment facility's work program. (ECF. No. 19, Pet. For Action on Conditions of Pretrial Release, at 1.) All other conditions, including that Gabriele participate in substance abuse treatment, remained in place. (*Id.*)

On January 18, 2018, Officer Brand issued a Petition for Action on Pretrial Release which detailed that Gabriele failed to report to pretrial services on four occasions; failed to provide any documentation that she had been attending substance abuse treatment as directed; and had tested positive for cocaine on January 2, 2018. Officer Brand requested that Gabriele's bond be revoked, reflecting his determination that she is not a suitable candidate for supervision while in the community. Since that Petition was issued, Gabriele has continued to violate her bond conditions. As alleged in the Bond Status Update issued on January 30, 2018, Gabriele has not attended drug treatment as directed, not reported to pretrial services as directed and has tested positive for controlled substances.

## II. ANALYSIS

If the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community, including the defendant, the court shall order detention pending trial. 18 U.S.C. § 3142(e)(1). In reaching this determination, courts consider four factors. *See* 18 U.S.C. § 3142(g).

### A. Nature and Circumstances—18 U.S.C. § 3142(g)(1)

The nature and circumstances of the offense involve the near destruction of a residential dwelling while she and her co-Defendant cooked methamphetamine. *See* 18 U.S.C § 3142(g)(1). Gabriele's offenses are unquestionably serious as they involved a substantial risk to human life resulting from her untreated substance abuse.

### B. Weight of the Evidence—18 U.S.C. § 3142(g)(2)

The weight of evidence against the person "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

As evidenced by the criminal complaint and the allegations in Officer Brand's Petition and Memorandum, the weight of the evidence against Gabriele is strong that she is a danger and a flight risk. And Gabriele admitted to failing to report to pretrial services on multiple occasions. She did not deny continuing to use controlled substances and not attending drug treatment. It is further noted that Officer Brand from Pretrial Services recommends detention.

### C. History and Characteristics—18 U.S.C. § 3142(g)(3)

Defendant's personal history involve pronounced drug abuse. *See* 18 U.S.C. § 3142(g)(3)(A). The current criminal charges against her are a direct result of a severe and untreated substance abuse problem. She was given a chance to address her acute drug issues while

on supervision and forfeited that opportunity. Worse, Gabriele has continued to use controlled substances while on supervision. Her

### D. Danger to Community or Anyone—18 U.S.C. § 3142(g)(4)

The seriousness of the danger posed by Gabriele's continued presence in the community—both to herself and others—is significant, especially considering her unremitting use of controlled substances. *See* 18 U.S.C. § 3142(g)(4).

### III. CONCLUSION

The above factors weigh in favor of detention. Accordingly, it is ORDERED that the bond is **REVOKED.** The Defendant is to be remanded to the custody of the United States Marshals pending trial.

**SO ORDERED.**

Dated: February 16, 2018  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2018.

s/Karri Sandusky
Case Manager